**FILED - GR**
April 19, 2024 12:34 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: NS   SCANNED BY: ⎷⎷ /4-19

# UNITED STATES DISTRICT COURT

## For the

### WESTERN DISTRICT OF MICHIGAN

Ervin Joseph LaMie a natural person in pro se
      Plaintiff, /

v.

KENNETH S. HOOPES, in his individual capacity
And The COUNTY OF MUSKEGON & subsidiaries
Jointly and severally
      Defendant's /

Case No.
HON.

**1:24-cv-401**
**Jane M. Beckering**
**U.S. District Judge**

Ervin Joseph LaMie Jr. in Pro Se plaintiff
C/o 1281 Fleming Ave
Muskegon MI 49442
616-834-8912

Kenneth S. Hoopes
990 Terrace Street
Muskegon MI 49442
231-724-6337

The County of Muskegon
Administrators' office
Marquette Campus
1903 Marquette Ave Suite A111
Muskegon, MI 49442
231-724-6520

# COMPLAINT

Now come the plaintiff, Ervin LaMie and states the following issues and complains thereof:

PLAINTIFF FILES CLAIM(S) OF TREASON TO THE CONSTITUTION AGAINST KENNETH S. HOOPES, PURSUANT TO ARTICLE III, SECTION 3 OF THE UNITED STATES CONSTITUTION
And VIOLATIONS THE PLAINTIFFS' RIGHTS PERSUANT TO US 42 1983

Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. A federal court must liberally construe pro se pleadings. A federal court must liberally construe pro se pleadings. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Plaintiff invokes the ministerial side of the court and requests the court dismiss all magistrates from this case and makes demand for a trial by jury. Furthermore, the plaintiff requests the court to give clear concise information to the plaintiff regarding the reasoning for any and all rulings and orders.

The Plaintiff reserves the right to add and amend the complaint as other defendants are discovered and are to be added as soon as they are discovered.

Pursuant to Rule 20 (2) *Defendants*. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Statement

What comes first? The Oath of Office to uphold the United States Constitution and the State of Michigan Constitution with the Due Process of Law being an integral part thereof or immunity in the office from actions taken by a judicial officer.

Of Course it is the Oath of Office that came first, then that means it is more important for the Oath of Office to uphold the constitutions to which they stand for what is mandated by the people. Immunity for any person in power is thereby VOID if the Oath of Office is violated. This Oath of Office is a solum contract between the taker of the Oath and the people allowing that person the opportunity to sit in judgment over them in that office.

It is clear that the people have an intent to hold those in office accountable for their actions in that office using the standards laid out within the United States Constitution and the State of Michigan Constitution. That is why the Oath of Office specifically refers to both constitutions.

Then is it not deemed probable that violating a natural person's constitutional right to properly executed Due Process of Law is a violation to the Oath of Office?  Then is it not also deemed that a violation of the Oath of Office is vacating said office in the same revelation that former Attorney General Mike Cox in his Opinion 7213 came that conclusion?

The final issue would then be since the office is vacated by violations to the Oath of Office, then all immunities afforded by that office are also vacated and or forfeited.

Previous Michigan Attorney General Mike Cox in **Opinion #7213** made it clear that the Michigan Constitution and MCL 168.206 and MCL 201.3. have made it clear that any violation to the oath of office by a public official that **office has been** vacated.

QUESTIONS

1. Question: Does a judge have the right pursuant to absolute immunity to circumvent due process of law in accordance with the fourteenth amendment of the United States constitution?

Answer: No, a judge does not have immunity to violate the constitution at all.

2. Question: If a judge violates the constitutional rights of a natural person does the judge war against the constitution?
Answer: Yes

3. Question: If a judge is waring against the constitution, is it then treason?
Answer: Yes

4. Question: Does a judge have absolute immunity to violate his oath of office?
Answer: No, a judge does not, the oath of office is a contract between the people and the individual that takes an oath of office, and that oath is to uphold the constitution of the State of Michigan and the United States Constitution.

5. Question: If a judge violates the due process of law, does he violate his oath of office?
Answer: Yes

6. Question:  If the judge violates his office, does he vacate the office?
Answer: Yes

7. Question: When a judge vacates the office does the judge have absolute immunity?
Answer:  No, a judge does not have immunity when the office is vacated pursuant to violations of the Oath of Office or the constitutionally protected rights of any natural human being.

8. Question: If a judge vacated the office, does he have any jurisdiction in a matter after the vacating of the office.
Answer: NO

9. Question: If a judge has no jurisdiction, then are any orders entered once jurisdiction is lost are they valid.
Answer: NO

10. Question: If a judge operates outside his/her jurisdiction then are they commercially liable?
Answer: Yes

11. Question: If a judge did not have jurisdiction and had a natural person arrested and jailed is that judge then liable to that natural person?
Answer: Yes

12. Question: Does the Michigan Constitution state that a judge must be licensed?
Answer: Yes

13. Question: In the State of Michigan if a judge cannot produce a State issued license to practice law, then does that judge have any jurisdiction?
Answer: No

<u>Claims upon which relief can be remedied:</u>

1. Kenneth S. Hoopes under color of law violated the plaintiff's rights to Due Process of Law UNDER THE 5TH AMENDMENDMENT AND THE 14TH AMENDMENTS OF THE U.S. CONSTITUTION.
   a. August 2023 Kenneth S. Hoopes allowed Jason Kolkema to enter a perjured affidavit to support his motion when Kenneth S, Hoopes was fully informed of the perjury.
   b. September 15th, 2023, Kenneth S Hoopes fully informed again allowed the affidavit from the August 18th, 2023, hearing to stand even when Jason Kolkema had already stated on the record that he did in fact place an x in the box where it stated that the defendant had not been served.
   c. In the September 15th, 2023, hearing Kenneth S. Hoopes allowed a second perjured affidavit to prevail.
   d. September 15th, 2023, Kenneth S. Hoopes refused to recuse himself from the two cases pending.
   e. March 5th, 2024, Kenneth S. Hoopes lacking any jurisdiction and for want of jurisdiction continued in the case even after he was served another summons to which he is a defendant, and this was during the hearing, so he had full knowledge that he was served.
   f. March 5th, 2024, hearing Kenneth S. Hoopes was again notified and reminded that he had already violated the plaintiffs' rights to Due Process of Law at the August 18th, 2023, hearing and vacated his office.
   g. March 5th, 2023, hearing Kenneth S. Hoopes did in fact have the plaintiff removed from the hearing, had him arrested and then had him jailed for a day.
   h. March 5th, 2024, Kenneth S. Hoopes again participated with attorney Jason Kolkema to continue the perpetration of fraud upon the court by continuing the case forward and enter an order for summary disposition against the plaintiff.
   i. Kenneth S. Hoopes deprived the plaintiff of his right to have counsel present in the hearing when Kenneth S. Hoopes had the plaintiff removed.

2. Kenneth S. Hoopes does not poses a license to practice law issued by the State of Michigan
   a. Kenneth S. Hoopes has violated his oath of office by not upholding the Michigan constitution to have and to hold a License to practice law within this state.
   b. Kenneth S. Hoopes cannot produce a State issued license.

3. Kenneth S. Hoopes violation of his Oath of Office through his violation of the Due Process of Law the right of the plaintiff.
   a. With no state issued license to practice law Kenneth S. Hoopes violated his Oath of Office.
   b. Violating his Oath of Office Kenneth S. Hoopes vacated his office and all immunities to that office.

4. Kenneth S. Hoopes never held the office from the beginning because he did not and cannot produce a State issued License in accordance with the Michigan Constitution and the State laws governing the taking of office and the practice of law within this state.

5. *Kenneth S. Hoopes never had jurisdiction in any capacity in any case from the inception of his office for he does not and cannot produce a state issued license to practice law, even when he was notified by the plaintiff, he continued for want of jurisdiction and had the plaintiff unlawfully arrested and jailed under the color of law when in fact he does not hold office.*

The County of Muskegon hired Kenneth S. Hoopes and is liable for the actions of Kenneth S. Hoopes as its employee.

a. The county of Muskegon has assisted him in retaining his position as Chief Judge in the 14th Circuit Court.

b. The county has assisted Kenneth S. Hoopes to retain that position without a license to practice law.

c. The County of Muskegon has allowed Kenneth S. Hoopes to violate the constitutional rights of the plaintiff.

d. The county of Muskegon was negligent in its duty to protect the constitutional rights of Due Process of Law of the plaintiff.

e. The county of Muskegon has a duty to verify the credentials of its employees to protect the plaintiff from the guiles of a rouge individual fraudulently claiming he/she is a state licensed individual to practice law.

The Plaintiff – Ervin Joseph LaMie, who a pro se litigant, necessarily brings a claim(s) of TREASON to the CONSTITUTION against Circuit Judge Kenneth S. Hoopes., pursuant to ARTICLE III, Section 3 of THE UNITED STATES CONSTITUTION. The allegation(s) of Treason comes as Kenneth S. Hoopes is believed to have ruled on this case after having been disqualified by law and has LOST JURISDICTION. The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggests that he is then engaging in criminal acts of treason and may be engaged in extortion and the interference with interstate commerce. Therefore, based on the Plaintiff's interpretation of the law, under ARTICLE III Section 3 of The UNITED STATES CONSTITUTION, a claim(s) of TREASON to the Constitution is necessarily brought against Judge Kenneth S. Hoopes.

It SHOULD be clear to this Court and ANY OBJECTIVE OBSERVER, how the plaintiff arrived at his decision to bring a treason claim(s) against Judge Kenneth S. Hoopes:

First, the Court is aware that Judge Kenneth S. Hoopes the list of EVIDENCED allegations brought by the Defendant include (but are not limited to):

    a.    JUDICIAL Fraud on the Court.

    b.    Failure/Refusal to uphold 18 U.S. Code § 2382; Misprision of Treason.

    c.    Failure/Refusal to uphold 18 U.S. Code § 4; Misprision of a Felony.

    d.    Failure/Refusal to address evidenced Acts of TREASON, under Article III, Section 3, of the United States Constitution.

    e.    Federal Tort Claims, pursuant to (at minimum): 28 USC § 2671, 28 USC § 2674 and 28 USC § 1346;

    i.    Color of Law violations, pursuant to 18 U.S. Code § 242;

    ii.    Civil RICO Claims pursuant to 18 U.S. Code § 1964;

    iii.    Refusal to RECUSE of Judge Kenneth S. Hoopes from Docket No. 23-2202-CH LaMie v. Stewart.

iv.  Demonstrated INTENT to cause increased hardship to Plaintiff/Complainant, Ervin Joseph LaMie.

## CONTINUED CLAIMS

Under the color of Law Kenneth S. Hoopes has operated to the detriment of the Plaintiff. Kenneth S. Hoopes has made judicial rulings after he had already vacated the office that he once held. Furthermore, he made judicial rulings that were created after he had lost jurisdiction and he continued for want of jurisdiction. Declaratory relief was made unavailable by Kenneth S. Hoopes by way of his own orders he entered in his bias for the attorney for the defendant while Kenneth Hoopes was absent of all jurisdictions from his vacating of his office and violation of due process of law under the constitution.

## 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Griffin v. Thornburg, No. 1:08CV222, 2008 WL 2512901, at *4 (W.D.N.C. June 19, 2008). The Supreme Court itself clearly indicated that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"

Violation(s) to Due Process – The decision made by Juge Kenneth S. Hoopes NOT to disqualify himself, brings an incremental violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause."). By not disqualifying himself as required by law, the judge has given another example of his "appearance of partiality" which, possibly, shows cause for further disqualification.

The order not setting aside the defaults with the unlawful affidavits of perjury submitted by attorney Jason Kolkema itself EITHER constitutes an act of TREASON under ARTICLE III Section 3 of the US Constitution OR at the very least shows an INTENT to commit TREASON by continuing to rule without jurisdiction here.

Next, the plaintiff addresses a second order issued by Judge Kenneth S. Hoopes to which he again signed an order setting aside a default based upon a second affidavit

submitted under perjury of Jason Kolkema which was an additional fraud upon the court by Kenneth S. Hoopes.

For the collective reasons previously stated, all orders issued by Judge Kenneth S. Hoopes are also considered issued without jurisdiction, indicating the order itself is considered:

**a.** VOID; and

**b.** An incremental act of Treason under ARTICLE III.

Any failure to acknowledge these claims is considered an incremental act of MISPRISION of TREASON pursuant to 18 U.S. Code § 2382, similarly evidenced acts of Treason committed by Judge Kenneth S. Hoopes.

Michigan Constitution Article III - GENERAL GOVERNMENT § 2 Separation of powers of government.

Sec. 2. The powers of government are divided into three branches: legislative, executive, and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.

Sec. 19. (1) The supreme court, the court of appeals, the circuit court, the probate court and other courts designated as such by the legislature shall be courts of record and each shall have a common seal. ***Justices and judges of courts of record must be persons who are licensed to practice law in this state.***

The practice of law within the state of Michigan is not licensed by the judicial branch of government. Thereby all attorneys and lawyers alike do not possess a license to practice law within this state. The Michigan State Supreme Court has not issued any license to any individual or entity to practice Law.

This continued pattern of corrupt conduct exemplified by an officer(s) of the court:

Kenneth S. Hoopes cannot sit on the bench to preside over any judicial rulings for pursuant to Michigan Constitution Article 6 section 19 and MCR 600.901 MCL 600.916 Judges must be licensed by the State of Michigan to practice law.

MCL 600.901 State bar; membership; public body corporate.

Sec. 901. The state bar of Michigan is a public body corporate, the membership of which consists of all persons who are now and hereafter licensed to practice law in this state. The members of the state bar of Michigan are officers of the courts of this state and have the exclusive right to designate themselves as "attorneys and counselors," or "attorneys at law," or "lawyers." No person is authorized to practice law in this state unless he complies with the requirements of the supreme court with regard thereto.

MCL 600.916 Unauthorized practice of law.

A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly

licensed and authorized to practice law in this state. A person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter.

REGARDING THE STATEMENT - "unless the person is regularly licensed and authorized to practice law in this state" The BAR card from the 'Bar Association' is 'grant' from a private association to practice in 'Courts of Equity' and is not of the class called, 'regularly licensed' under a 'license' from the 'State of Michigan'.

This conclusion is consistent with MCL 450.681 which doesn't allow the Attorney to represent anyone but himself in Court.

 The 'Attorney at Law' may be legally authorized to practice by the Court BAR Association, but does the Attorney have a license from the 'State of Michigan' as required under MCL 600.901, MCL 600.916 and MCL 450.282.

MCL 450. 282 Definitions (a) & (b)
 Sec. 282. As used in this chapter:
 (a) "Licensed person" means an individual who is duly (1) licensed or (2) otherwise legally authorized to practice a professional service by a court, department, board, commission, or agency of this state or another jurisdiction. The term includes an entity if all of its owners are licensed persons."
 (b) 'Professional service' "means a type of personal service to the public that requires that the provider obtain a
        (1) license or
        (2) other legal authorization as a condition precedent to providing that service.
Professional service includes, but is not limited to, services provided by a certified or other public accountant, chiropractor, dentist, optometrist, veterinarian, osteopathic physician, physician, surgeon, podiatrist, chiropodist, physician's assistant, architect, professional engineer, land surveyor, or attorney-at-law."

 A 'LICENSE' is, "a permission, by a competent authority to do some act which without such authorization would be illegal or would be a trespass or a tort."

Furthermore, judges are deemed to know the law and cannot claim immunity from prosecution, or any action taken against them for they know the law and are then practicing with full knowledge that they are perpetrating fraud upon the court system by operating without a license. This is the exact issue that Kenneth Hoopes is perpetrating fraud within the Muskegon County Court System.

1. June 2023 Kenneth S. Hoopes showed his bias toward the plaintiff by the following. Kenneth S. Hoopes instructed the plaintiff to have the defendant reserved for he did not believe the defendant was served. When in fact the server gave papers to an individual who lived within the house who is seventy years old. Furthermore, the court rules state a person

living within the house that is of age can be served. The papers were left in a place where the defendant would find them, and his son did and through the papers outside. Then he came back outside and retrieved the papers. The son of the defendant is 41 years old.

2.July 2023 At hearing Kenneth Hoopes allowed the defendant to have the hearing adjourned and rescheduled claiming he had witnesses that could not be there even when he had been noticed with plenty of time. Kenneth Hoopes again showed his bias toward the plaintiff by allowing the defendant the adjournment even though he had no other witnesses. He stated that he needed more time to pay his attorney.

3.August 18th, 2023, Kenneth Hoopes allowed the attorney Jason Kolkema to commit perjury by signing an affidavit that supported the motion to set aside the default when in fact he was not the person with firsthand knowledge of the facts contained in the affidavit.

4.Kenneth Hoopes continued to allow the perjury to continue even when he had full knowledge of the facts of the commitment of the perjury by Jason Kolkema. Thus, Kenneth Hoopes committed fraud upon the court allowing Jason Kolkema to knowingly allow Jason Kolkema to perpetrate perjury with the falsified affidavit with full knowledge of the perjury. Fraud on the Court is an officer of the court directing fraud toward the mechanism of the court to keep it from the pursuit of justice.

5.Upon the allowing of perjury of the affidavit by Jason Kolkema, Kenneth Hoopes violated his Oath of Office to uphold the Constitution in particular the Due Process of Law to which he violated the plaintiffs constitutional right to Due Process of Law. The Michigan Supreme Court established the Michigan Court Rules to maintain the due process of law for compliance with the constitution.

However, Kenneth Hoopes allowed the violation and did in fact commit fraud upon the court to which he violated his oath of office. This violation was a vacating of his office and forfeiture of his immunities of said office. The plaintiff informed him of such, and Kenneth Hoopes continued forward with the case knowing he had a conflict of interest.

6.Then in the hearing on September 2023 a hearing was held to set aside the second default in the second case and to reiterate the order for the first default order and to consolidate the two cases. Jason Kolkema again signed the affidavit in support of the second default to which he perjured himself for he did not have firsthand knowledge of the facts contained therein the affidavit.

7.The plaintiff motioned the court to recuse Judge Kenneth Hoopes to which he claimed until he sees a case filed against him, he would not recuse himself. The plaintiff interrupted Kenneth Hoopes and showed him that he did in fact have the document showing he had

sued Kenneth Hoopes. The Judge would not accept it and refused to recuse himself showing his continued bias toward the plaintiff.

8.Kenneth Hoopes then ruled that the motion to set aside the second default in the second case was proper even though the affidavit was unlawfully submitted by Jason Kolkema to which he perjured himself by signing the document under penalty of perjury and he did not have firsthand knowledge of the information contained therein.

9.Kenneth Hoopes supported the perjury and committed fraud upon the court a second time by the support he committed to Jason Kolkema for perjuring himself concerning the affidavit in support of the motion to set aside the default.

10.The plaintiff made it clear that Kenneth Hoopes had violated his Oath of Office, Vacated the office and forfeited all immunities of the office by vacating said office. Kenneth Hoopes had Jason Kolkema respond, and he stated that he did not think that Kenneth Hoopes did that. Kenneth Hoopes continued with the case and filed orders concerning the motions.

11.Jason Kolkema then filed for a motion for summary judgment and scheduled a hearing for March 5th, 2023, at 11:00 am. The parties showed up and Jason Kolkema made his arguments for his motion.

12.The plaintiff did not respond to the motion with written objections because it was futile with Kenneth Hoopes already biased in the case it would be a waste of time and effort. In fact, once he got up to do his oral arguments, he just made it clear that there was no side agreement with the renter Johnny Aaron as Jason Kolkema made claim to. The plaintiff also gave Jason Kolkema a one-page document that stated on it the plaintiff's answer was an oral argument.

Further the document underneath the top page to Jason Kolkema was a criminal complaint and affidavits with police reports attached to which his clients admit to committing more that seventeen separate felonies concerning the plaintiff and other witnesses and victims.

13.The same top document was in fact submitted to Kenneth Hoopes with other document attached underneath it. The attached documents were a judicial notice of acceptance of Kenneth Hoopes Oath of Office and notice of non-licensed attorneys for the Judicial branch does not license anyone. Kenneth Hoopes put on the record that the objections to the motion would be stricken from the record for not being timely filed. It didn't matter there were no objections other than stating it would be an oral statement.

14.Kenneth Hoopes was then served papers that he was being sued in the Court of Claims as a defendant. He at that moment had full knowledge that he had a clear conflict of interest in any manner concerning these matters. The plaintiff made it clear that Kenneth S. Hoopes had no authority in this matter for he had previously on August 18th, 2023, vacated his office and had no further jurisdiction in any matter before the court.

15.Kenneth Hoopes for want of jurisdiction continued forward with the case and was going to rule in the matter and the plaintiff made it clear that he did not recognize any further authority of Kenneth Hoopes in any manner. Each time Kenneth Hoopes tried to continue forward with the case the plaintiff notified him that he did not recognize his authority and in fact notified Kenneth Hoopes that he would call the Sheriff and have Kenneth S. Hoopes arrested.

16.Kenneth Hoopes then retaliated and told the plaintiff he was going to hold him in contempt of court. The plaintiff again informed Kenneth S. Hoopes that he did not have any authority to do so for he did not hold office. Furthermore, he had previously stated to Kenneth Hoopes that he did not hold a license to practice law in the State of Michigan and could not for the separation of powers of the constitution does not allow for the judicial to license anyone.

17.The plaintiff made it clear that he did not recognize any authority of Kenneth Hoopes, however if the bailiff was a deputy, he would do anything she directed him to do.

18.Kenneth S. Hoopes then continued his retaliation of the conflict he had with the Plaintiff and had the bailiff remove the plaintiff without incident from the hearing room. Kenneth S. Hoopes continued the hearing without any representation in the balance of the hearing for the plaintiff in violation of due process of law for the plaintiff to have representation in all aspects of any and all proceedings.

The bailiff called for deputies to come to the hearing room and retrieve the plaintiff who was waiting in the hallway outside the hearing room. They were instructed by the bailiff to have the Plaintiff in the jail for an hour. This was at approximately 11:30 a.m.

19.At about 3:30 p.m. the deputies came and retrieved the plaintiff from the jail and had him sit down to a zoom hearing to which Kenneth S. Hoopes was continuing the hearing with the plaintiff.

20.Kenneth S. Hoopes continued to retaliate against the plaintiff by going back on the record and keeping the plaintiff from saying anything on the record. He informed the plaintiff that he was going to stay in jail for a complete day and that the plaintiff was not to disrupt any further hearings in his court or he would have more to pay. Kenneth S. Hoopes

stated that the plaintiff threatened him by stating he was going to have Kenneth S. Hoopes arrested.

21.Kenneth S. Hoopes then stated that he was holding the plaintiff in contempt of court and that is why he was giving the plaintiff a day in jail. Then he stated that is all there was and was going to close the hearing. The plaintiff asked Kenneth Hoopes if he could ask one question. Kenneth Hoopes allowed him to ask the question and he stated that he was a diabetic and had not eaten all day and had not gotten his medication for that day to prevent a heart attack or stroke. Kenneth Hoopes stated that the plaintiff could get someone to get his meds for him. The plaintiff informed him he lives alone, and no one could retrieve the meds.

22.Kenneth Hoopes told the plaintiff that the jail would just have to feed him and take care of his meds. The jail could get a hold of him if they needed to. He then concluded the hearing.

23.In fact, the jail could not get ahold of the pharmacy to get the meds for the plaintiff at all prior to his release the next morning. Fortunately for the plaintiff he did not have a heart attack or a stroke while in jail overnight.

24.However, this was a pure retaliation by Kenneth Hoopes to unlawfully arrest and jail the plaintiff for no cause especially when he does not hold the office and does not retain any jurisdiction concerning this matter.

25.If Kenneth S. Hoopes retained his office and claimed to retain jurisdiction over the plaintiff and the case he had a duty to go on the record and prove he still had jurisdiction in the matter, this cannot be assumed at this point when he was served a case naming him as a defendant and claims were already made against him for vacating his office.

26.Kenneth Hoopes had no authority to continue forward with the case in any manner without first verifying that he did or did not have continued jurisdiction.

At that point any order entered or judgment those are void.

27.Kenneth Hoopes violated all cannons all constitutional rights of the plaintiff for due process of law, unlawfully arrested the plaintiff without cause, unlawfully jailed the plaintiff without cause or authority.

28.Kenneth Hoopes does not have a bond, a foreign registration, a certificate for doing business as, a anti bribery agreement, license to practice law, on file with the Secretary of States office of the Great Seal.

29.Jason Kolkema has perjured himself and perpetrated fraud upon the court to the betterment of his client in order to win the cases for his clients. The transcripts from the hearings will lend proof to the facts claimed herein of the plaintiff.

30.Directly following the hearing eye witnesses that attended the hearing and are independent of all proceedings witnessed the following:

31.In the parking lot of the Muskegon County Building the two independent individuals heard a person yelling out and they turned to see Jason Kolkema and the other three persons in the parking lot that were in the hearing. Jason Kolkema yelled out Johnny Aaron I'm going to fucking kill you.

32.These two men saw and heard this from Jason Kolkema with a verbal public threated the life of an elderly veteran who honorably served his country.

33.These were not the only persons that saw and heard this and it is captured on the Security Cameras attached to the County building to which the video is secured by the Sheriffs office.

In 1996, Congress passed a law to overcome this ruling which stated that judicial immunity doesn't exist; citizens can sue judges for prospective injunctive relief. "Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity. We never have had a rule of absolute judicial immunity. At least seven circuits have indicated affirmatively that there is no immunity... to prevent irreparable injury to a citizen's constitutional rights..." "Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions by all state and federal actors, including judges... The Fourteenth Amendment prohibits a state [federal] from denying any person [citizen] within its jurisdiction the equal protection under the laws. Since a State [or federal] acts only by its legislative, executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal judges..."
"We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."
*Mireles v. Waco, 112 S. Ct. 286 at 288 (1991)*

A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity; however, even in a case involving a particular attorney not assigned

to him, he may reach out into the hallway, having his deputy use "excessive force" to haul the attorney into the courtroom for chastisement or even incarceration. A Superior Court Judge is broadly vested with "general jurisdiction." Provided the judge is not divested of all jurisdiction, he may have his actions excused as per this poor finding. *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)*

Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Stump v. Sparkman, id., 435 U.S. 349*

Some Defendants urge that any act "of a judicial nature" entitles the Judge to absolute judicial immunity. But in a jurisdictional vacuum (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing. A judge is not immune for tortious acts committed in a purely administrative, non-judicial capacity. *Rankin v. Howard, 633 F.2d 844 (1980)*

The Ninth Circuit Court of Appeals reversed an Arizona District Court dismissal based upon absolute judicial immunity, finding that both necessary immunity prongs were absent; later, *in Ashelman v. Pope, 793 F.2d 1072 (1986),* the Ninth Circuit, en banc, criticized the "judicial nature" analysis it had published in Rankin as unnecessarily restrictive. But Rankin's ultimate result was not changed, because Judge Howard had been independently divested of absolute judicial immunity by his complete lack of jurisdiction. *U.S. Fidelity & Guaranty Co. (State use of), 217 Miss. 576, 64 So. 2d 697*

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. *U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)*

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it." "It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives." *Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326*

When a judge knows that he lacks jurisdiction or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost.

JURISDICTION:

NOTE: It is a fact of law that the person asserting jurisdiction must, when challenged, prove that jurisdiction exists; mere good faith assertions of power and authority (jurisdiction) have been abolished. *Albrecht v. U.S. Balzac v. People of Puerto Rico, 258 U.S. 298 (1922)*

"The United States District Court is not a true United States Court, established under Article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court."

*Basso v. UPL, 495 F. 2d 906 Brook v. Yawkey, 200 F. 2d 633 Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)*

Under federal Law, which is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers." *Griffin v. Mathews, 310 Supp. 341, 423 F. 2d 272 Hagans v. Lavine, 415 U.S. 528 Howlett v. Rose, 496 U.S. 356 (1990)*

"The Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program. It matters not whether policy making is involved, and no case-by-case weighing of the burdens or benefits is necessary; such commands are fundamentally incompatible with our constitutional system of dual sovereignty." *Mack v. United States, 07-27-97, Justice* Antonin Scalia

## STATEMENT OF FACTS

On August 18th, 2023, Jason Kolkema perpetrated perjury by signing the affidavit to his motion to set aside a default judgment. Jason Kolkema signed the affidavit claiming the defendant was not served and that Jason Kolkema himself was a firsthand party to the facts contained within the case he was trying to defend. When in fact Jason Kolkema has just been notified by his client of the issues within the case and Jason is a third party to the facts.

In the affidavit under oath Jason Kolkema claimed that if called to testy he could testify to the facts that had taken place which were over a previous four-year history. Jason Kolkema did not place his P number behind his name on the affidavit nor did he print his name below his signature to clarify that it was his signature. These questions were asked by the plaintiff in the hearing to verify that it was in fact Jason Kolkema that signed the affidavit under oath of perjury. Jason Kolkema stated that it was he that did in fact sign the affidavit attached to the motion to set aside the default judgment against his client.

When the facts of the affidavit were starting to be disclosed to the court concerning the signature on affidavit was in fact Jason Kolkema, the plaintiff requested the court swear in Jason Kolkema to testify to the facts contained in the affidavit.

The court responded that Jason Kolkema is a court officer and did not need to be sworn in. The plaintiff Ervin LaMie stated that the affidavit stated that the defendant was not served the summons or complaint. When in fact months prior to the affidavit being signed the defendant was in fact served the summons and complaint and the court stated on the record that the issue of the service to the defendant was no longer an issue and there was no further challenge. The court stated this even after the plaintiff had notified the court that this is in the affidavit that was supposed to be signed under oath and only facts contained in the affidavit can be stated to support the motion.

The court stated that it had questions concerning the affirmative defenses and wanted the plaintiff to address those. After making a statement concerning the defenses that plaintiff spoke further on the fraud on the court by Jason Kolkema signing the affidavit under oath and even stating that he did in fact check the box that stated his client was not served the summons and complaint. Jason Kolkema did not have firsthand knowledge of the facts and stated in the affidavit that he did. The plaintiff these facts before the court and stated that this is fraud upon the court by Jason Kolkema and the affidavit was null and void and the motion had to fail.

Judge Kenneth Hoopes stated on the record that the motion was valid and told Jason Kolkema to prepare an order for the setting aside the default judgment.

 Kenneth Hoopes by violating his oath of office has vacated his office and forfeited any and all immunities afforded by the office of the judgeship.

In opinions by the previous Attorney Generals Frank Kelly and Mike Cox that pursuant to Michigan Law if a person violates the oath of office the office is thereby vacated.


## FACTUAL AUGUMENT

Jason Kolkema falsified the affidavits and perjured himself and perpetrated fraud upon the court.  Kenneth Hoopes permitted falsified affidavit and perpetrated fraud upon the court.

Allowed fraud upon the court even when directed to it. Violated oath of office not allowing for Due Process of Law, violated constitutionally protected rights by denying Due Process of Law, Vacated office, Forfeited Immunity

   1.Kenneth Hoopes, by allowing this perjury and fraud upon the court has violated his oath of office to uphold the Michigan State Constitution and the United States Constitution to which the fifth and fourteen amendments give rise to the Due Process of Law in this country.

   2.The fraud upon the court by Jason Kolkema, and then Kenneth Hoopes supporting the fraud by allowing it to continue through is in support of the fraud on the court.

   3.Kenneth Hoopes exited his boundaries as an administrative officer within his

judicial capacity when he knowingly assisted and condoned the actions to commit fraud upon the court with Jason Kolkema with a falsified affidavit supporting a motion and ruling in favor of the falsified affidavit.

4. Kenneth Hoopes violated his oath of office by allowing and supporting the fraud of the affidavit perpetrating fraud upon the court.

5. Kenneth Hoopes vacated his office by allowing and supporting the fraud upon the court.

6. Kenneth Hoopes forfeited all immunity of the office by vacating such.

7. Kenneth Hoopes violating his oath of office in which he was to uphold the United States Constitution and all amendments to which the fifth and fourteen amendments out line and state a Due Process Clause to which the Michigan Supreme Court has created and maintained Michigan Court Rules to follow in maintaining the Due Process of Law equal to all.

8. This is a constitutionally protected right to all including Jason Kolkema and Kenneth Hoopes.

9. Kenneth Hoopes violated the constitutionally protected rights of the plaintiff Ervin Joseph LaMie through the process of perpetrating the fraud upon the court and withholding the proper Due Process of Law from the plaintiff.

10. Kenneth S. Hoopes is practicing law license to practice law in the state of Michigan. Have not submitted to the Secretary of State a copy of a license to practice law within the state. Furthermore, he does not possess a license by the state of Michigan to practice law within the state because the state does not license attorneys were judges to practice law.

11. Kenneth S. Hoopes perpetrated fraud in the court by practicing law without a license and violating the constitutional rights of the plaintiff for an unbiased and impartial hearing is warring against the constitution and has committed treason.

12. The violations to oath of office Kenneth S. Hoopes vacated said office in accordance with the opinion of previous attorney general Mike Cox.

13. Pursuant to the vacating of the office all immunities afforded to that office are forfeited by Kenneth S Hoopes.

14. In the motion for summary disposition the defendant's attorney Jason Kolkema has filed an affidavit which is signed by the defendant himself. This is in contrast to the two previous affidavits which were both signed by Jason Kolkema himself. This proves the assertion of the claim by the plaintiff that the two previous affidavits were in fact fraudulent, and perjury committed by the attorney for the defendant Jason Kolkema.

15. Kenneth S. Hoopes knowingly accepting the perjured affidavits by Jason Kolkema did in fact violate the laws of this state and the constitution of this state and the US Constitution in way of knowingly in concert with another court officer to allow that officer to continue with a perjured affidavit just to maintain jurisdiction in a matter.

16. Kenneth S. Hoopes has usurped the Michigan Supreme Courts direction of the use of court rules to maintain the Due Process of Law in accordance with the constitution.

17. Kenneth S. Hoopes has usurped the cannons as to even the appearance of a bias within a matter to which this and the other case he has shown a constant bias against the plaintiff.

## FRAUD UPON THE COURT

Thus, Kenneth Hoopes participated in the perpetration of fraud upon the court by allowing the fraud that Jason Kolkema perpetrated concerning the affidavit to continue for the court to maintain jurisdiction of the parties and subject matter. In the matter of let me versus Stewart and the motion for summary disposition the attorney Jason Kolkema filed a affidavit in support of the motion with the signature of the defendant Stephen Stewart attached to it. This is in contrast of the two previous affidavit supporting motions to set aside default to which Jason Kokomo himself signed the two affidavits and violated the due process of law perpetrating fraud upon the court my claim and he had her firsthand knowledge of the actually contained within the affidavits.

Kenneth Hoopes not only showed his bias for the Jason Kolkema, but he assisted in and participated in fraud upon the court to allow Jason Kolkema to maintain the case and Kenneth Hoopes to maintain the jurisdiction in this case when the case would have been closed.

Kenneth Hoopes allowing the fraud upon the court to continue became a participant at that very moment. The allowance of a falsified affidavit is in fact fraud upon the court against the mechanism to seek out justice laid out by the Michigan Supreme Court for the rules for all judges, magistrates, attorneys, court officers to follow for unity across the state in the courts. This allows all people the same for justice throughout the state.

Kenneth Hoopes being the gate keeper of those lawful and unlawful issues to go through the court he was assigned to have a duty to the State of Michigan, the United States Constitution and the People of the State of Michigan to uphold the Constitutions, the state laws and his oath of office to protect the rights of all individuals pursuant to the constitutions and his oath.

## OATH OF OFFICE

Kenneth S. Hoopes took an oath to uphold the Michigan Constitution and the US Constitution when he took office. His oath is on file and this plaintiff has accepted his oath.

It is by this very reason the "sovereign" elect persons delegated into office to carry out specific duties which the people created for such specific office. Thereby an oath is required to be taken by those who take office in order to keep from transgression of the Constitution.

Such brings us to the domain the "sovereign" is to conduct, business concerning law and facts 0in regard to issues in the States of the union called "Court''. Where those from judges to all forms of officers of the Court ranging from Attorneys, Clerks, Bailiffs who have all taken the respective oath of office carry out their respective delegated duties Court- The person and suit of the sovereign, the place where the sovereign sojourns with his regal retinue, wherever that may be. Black's Law Dictionary 5th Edition page 318

Yet there is one last position which is the greatest position of all due to the king prior to the Revolution being judge, jury, and executioner who was able to do anything to the people. Such is the jury which is a panel of 12 of the sovereign people who judge suits of law and equity to insure the Constitution is followed and corruption does not find its way into the Court. They are held to an oath as well.

Downs v. Bidwell, 182 U.S. 244 (1901)"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgment in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."

Duncan v. Missouri, 152 U.S. 377, 382 (1894) Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

"It is monstrous that courts should aid or abet the lawbreaking police officer. It is abiding truth that '[n]othing can destroy a government more quickly than its own failure to observe its own laws or worse, its disregard of the charter of its own existence.'" Justice Brennan quoting Mapp v. Ohio, 367 US 643, 659 (1961) in Harris v. New York, 401 US 222, 232. (1971)
"We find it intolerable that one constitutional right should have to be surrendered in order to assert another." - Simmons v. U.S. 390 US 389 (1968)
"Many citizens because of their respect for what only appears to be a law are cunningly coerced into waiving their rights due to ignorance." - U.S. v. Minker

### STATE CONSTITUTION (EXCERPT)
### CONSTITUTION OF MICHIGAN OF 1963

§ 1 Oath of public officers.
Sec. 1.
All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of .......... according to the best of my ability. No other oath, affirmation, or any religious test shall be required as a qualification for any office or public trust.

### Revised Statutes of 1846 (EXCERPT)
### FILING OATHS AND BONDS BY COUNTY OFFICERS.

45.318 County officers; oaths of office, deposit, filing.
Sec. 118.
Each of the officers named in this chapter, except notaries public and prosecuting attorneys, shall before entering upon the duties of his office, and within 20 days after receiving official notice of his election, or within 20 days after the commencement of the term for which he was elected, take and subscribe the oath of office prescribed by the constitution of this state, before some officer authorized by law to administer oaths, and deposit the same with the clerk of the proper county, who shall file and preserve the same in his office.

BOND COVERAGE FOR OFFICERS AND EMPLOYEES OF COUNTIES (EXCERPT)
Act 588 of 1978

45.381 Bond coverage for officers or employees of county; determination by county board of commissioners. Sec. 1.

(1) Each officer or employee of a county that is required by statute to furnish a bond conditioned on the officer's or employee's honesty or faithful discharge of the officer's or employee's duties shall be covered by a blanket bond by a surety company approved by the county board of commissioners or by an individual bond by a surety company approved by the county board of commissioners for the officer or employee.

(2) The county board of commissioners shall determine whether a single bond for all officers and employees or individual bonds for all officers or employees or a combination of a blanket bond and individual bonds best serves the county.

(3) In determining adequate coverage, the county board of commissioners may obtain bond coverage with provisions relative to problems of a unique nature, including loss deductible or coinsurance provisions.

## JUDICIAL IMMUNITY

Judicial Immunity is only established once an elected person for a judicial office takes the oath of office then they can enter the office to start their duties. Duties within an office cannot be started until the oath of office is taken by the constitution and by law.

Once the oath of office is taken by the elected person to the office then the duties may commence. At that time is when the immunity of the office is invoked not until the oath is taken and the office is taken, and the duties are started.

Kenneth Hoopes enjoys the immunity of the office for judicial oversight, mistakes, etc.

However, he cannot and does not have any immunity to violate the constitution which is in violation of his oath of office. No judicial officer has immunity to violate the constitutional rights of any person through the violation of his oath of office to uphold the Constitution of the United States. The moment any judge violates his oath of office the office has been vacated and the immunities afforded by the office have been forfeited.

The fact that the issue of the unlawful affidavit was brought to light commented on shown to the court at that moment the decision and actions of the court were no longer judiciary they were immoral and unconstitutional to allow the unlawful actions of the attorney Jason Kolkema a to continue. Due process of law was circumvented allowing the case to stay in the Jurisdiction of Kenneth Hoopes. The moment he denied due process of law he became absent of jurisdiction.

Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958). "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it." The constitutional theory is that we the people are the sovereigns, the state and federal officials only our agents."

U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882) "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance, with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law are bound to obey it. "It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."

## DUE PROCESS OF LAW

The United States Constitution, the 5th amendment and the 14th amendment and the Michigan Constitution Article I, Section 17.

The right to fair and just treatment, which is not mentioned in the U.S. Constitution, can be found in **Article I, Section 17** of the Michigan Constitution. Specifically, that section provides: No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law.

The Michigan Supreme Court created the Michigan Court Rules to establish coherence with the U. S. Constitution and the Michigan Constitution concerning the due process of law, the constitutional right of every American citizen.

MICHIGAN COURT RULES OF 1985 Updated February 13, 2024

THE MICHIGAN COURT RULES The Michigan Rules of Court are the rules adopted by the Michigan Supreme Court to govern Michigan's legal system and the judges, lawyers, and other professionals who are charged with preserving the integrity of that system. The purpose of the Court Rules is to establish uniform rules and procedures for all levels of Michigan's court system. *These regulations ensure that cases are resolved without undue delay and that those who appear in court receive due process and equal treatment under the law*

Duncan v. Missouri, 152 U.S. 377, 382 (1894) Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Ableman v. Booth, 21 Howard 506 (1859) "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence."

Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Kentucky Railroad Tax Cases, 115 U.S. 321, 337 (1885) "The rule of equality... requires the same means and methods to be applied impartially to all the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances".

Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882) "No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. **All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it."**

Olmstad v. United States, (1928) 277 U.S. 438 "Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

Mallowy v. Hogan, 378 U.S. 1 "All rights and safeguards contained in the first eight amendments to the federal Constitution are equally applicable."

Stump v. Sparkman, id., 435 U.S. 349 Some Defendants urge that any act "of a judicial nature" entitles the Judge to absolute judicial immunity. But in a jurisdictional vacuum (that is, absence of all jurisdiction) the second prong necessary to absolute judicial immunity is missing. A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity.

## VACATING THE OFFICE

The act of violating due process of law in a violation of the oath of office and that violation s vacates the office. The judicial office is viable until the following election for state court judges. It remains viable during the election cycle unless the judicial violates his oath of office to uphold the State of Michigan Constitution or the United States of America Constitution and Amendments. If at any time a judge violates the oath of office that person has vacated the office and is subject to personal prosecution and or civil actions and remedies of law pursuant to those violations.

> "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be literally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be obsta Principiss. Boyd v. United, 116 U.S. 616 at 635 (1885)

The opinions of two previous Michigan Attorney Generals Frank Kelly and Mike Cox Opinion #7213 is that violation of the oath of office is in fact the vacating of the office. The argument becomes violating the constitution is a violation of the oath of office which then vacated the office.

## AFFIDAVIT FOR MOTIONS

On August 18th, 2023, defendant Kenneth S. Hoopes allowed Jason Kolkema to enter his falsified affidavit under perjury and Kenneth S. Hoopes perpetrate fraud upon the court by allowing affidavit and again on September 15th, 2023, he allowed Jason Kolkema the same opportunity to submit another on perjured affidavit in another case between the parties. Even when fully made aware of the fact's defendant Kenneth S. Hoopes fully supported the fraud pursuant to the perjured affidavits and allowed this

to continue in future hearings as an ongoing matter of fraud upon the court by both the attorney Jason Kolkema and defendant Kenneth S. Hoopes.

It is a fact that on the March 5th, 2024, hearing for the motion for summary disposition Jason Kolkema filed affidavit in support of the motion which was signed by the defendant Steven Stewart.

This proves that the two previous motions affidavits and support of were in fact in violation of the Michigan court rules proven by the plaintiff and his arguments to the judge. This also proves that Jason Kolkema did in fact commit perjury and perpetrated fraud upon the court by filing both affidavits to which he did not have firsthand knowledge of the facts contained therein.

Affidavits supporting motions must be sworn to by a person with firsthand knowledge. An attorney may sign an affidavit for a client only if the attorney can be sworn under oath to testify to the facts contained within the affidavit and the attorney must have firsthand knowledge if the attorney cannot testify under oath or does not have firsthand knowledge of the facts then the affidavit is a fraud. When the affidavit is a fraud then the motion must fail.

Rule 602
Lack of Personal Knowledge.  A witness may not testify to a matter unless evidence is introduced sufficiently to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.
MCLA 750.249; MSA 28.446 provides:
"Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

MCLA 750.157a; MSA 28.354(1) provides in part:
"Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein:
"(a) except as provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is punishable by imprisonment for 1 year or more, the person convicted under this section shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed."

MCLA 750.505; MSA 28.773 provides:
"Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court."

## EMPLOYMENT

The defendant The County of Muskegon has a fiduciary duty first and foremost to

the plaintiff to protect him from wayward employees that may vacate the rights of

individuals to the individual's detriment.

The defendant The County of Muskegon hired the defendant Kenneth S. Hoopes to administrate within the court of the people of Muskegon County.

The terms of employment include the taking of the oath of office prior to the starting of the duties of the office. The County of Muskegon has a bond to protect those that are affected by the judicial decisions made by the judge employed by the county.

Furthermore, the County has a fiduciary responsibility first and foremost to protect the public by monitoring the actions of its employees to determine if any employee is violating the civil rights or the constitutional rights of any individual brought forth into any court within the Muskegon County.

With the issue's stated within this complaint the county has in fact failed to monitor the employees of the county and allowed said employee Keneth S. Hoopes to violate the constitutional rights of the plaintiff.

The county is ultimately responsible for the actions of the defendant named herein with the County and forfeits the bond posted for the unlawful actions of the defendant Kenneth S, Hoopes.

REMEDIES

The plaintiff requests relief and remedies for the violations of the defendants jointly and severally is as follows:

Enter an order for punitive damages for the corrupt actions of Kenneth Hoopes is FOUR MILLION DOLLARS for the occurrences of violations to the Plaintiffs constitutional rights.

Enter an Order for the amount of FOUR MILLION DOLLARS against the defendant Muskegon County for the lack of supervision over its employees supporting the violations of the fourteenth amendment Due Process of Law the rights of the plaintiff

and to maintain safety of the plaintiff from the guiles of the defendant Kenneth S. Hoopes. For a total of EIGHT MILLION DOLLARS jointly and severally. {$8,000,000} DOLLARS.

Enter an order for any other declaratory or equitable relief the Honorable Court finds worthy to enforce.

Respectfully submitted this *16*, day *April*, 2024.

Ervin Joseph LaVrie plaintiff
1281 Fleming Ave
Muskegon, MI 49442

Mail to:  P.O. Box 191
Muskegon MI 49442
Josephla50@yahoo.com
616-834-8912

AFFIDAVIT IN SUPPORT OF COMPLAINT and BRIEF

I Ervin Joseph LaMie swear under penalty of perjury that the following information contained within the affidavit is true to the best of my knowledge and belief:

1. Affiant states that the defendant has violated the plaintiffs constitutionally protected rights by violating the Due Process of Law.
2. Affiant states that the defendant has allowed no less than two falsified affidavits to set aside default entries to which the motion were supported by.
3. Affiant states that the defendant has shown a continuing bias against the plaintiff.
4. Affiant states that the defendant has held an ex parte hearing without the plaintiff in attendance and discussed the merits of the case.
5. Affiant states that the defendant violated his Oath of Office by not upholding the constitution of the United States 14th amendment.
6. Affiant states that the defendant vacated his office when he violated his Oath of Office thus, he forfeited all immunities of the office when he vacated it.
7. Affiant states the remedies and relief are stated within the pleadings to restore the plaintiff. Further Affiant saith not.
8. Affiant states that on March 5th, 2024, Kenneth S. Hoopes did not have jurisdiction of subject matter in the case for he lost jurisdiction in August of 2023.
9. Affiant states that Kenneth Hoopes had a conflict of interest to continue the case even when he continued the case after he had full knowledge there was a federal court case pending against him.
10. Affiant states that Kenneth Hoopes on March 5th was served this a case that was filed in the Court of Claims, and he continued the case to create a final order in the case when he had no jurisdiction.
11. Affiant states that Kenneth Hoopes on March 5th, 2023, retaliated against Ervin LaMie by having him removed from the court and arrested and jailed even when he had no jurisdiction or any authority or office.
12. Affiant states that Kenneth Hoopes was informed that Ervin LaMie did not recognize his authority and he Kenneth Hoopes did not hold office.
13. Affiant states that that Ervin LaMie informed Kenneth Hoopes that he did not have a license to practice law.

JURAT

Before me, the below named "Notary Public", personally appeared before me   Ervin Joseph LaMie who proved to me on the basis of satisfactory evidence with type to be the person whose name is subscribed to within this instrument and acknowledged to me that he/she executed the same in his authorized capacity and that by his/her autograph on the instrument the person acted, orally with right hand extended executed the instrument.

Ervin Joseph LaMie Affiant                                        4/16/2024                        NOTARY PUBLIC

Johnny D. Aaron
STATE OF MICHIGAN        NOTARY PUBLIC - STATE OF MICHIGAN
                                              }ss      COUNTY OF MUSKEGON
COUNTY OF MUSKEGON}My Commission Expires July 02 2028
                                              Acting in the County of _____

48 | P a g e